Erik A. Bromson, Esq.
Nevada Bar No. 9986
Law Offices of Geroge D. Greenberg
7674 W. Lake Mead Blvd., Ste. 245
Las Vegas, NV 89128
Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Chapter: 13 |
| ELIAS ARMENDARIZ and PATRICIA ARMENDARIZ, | Case No.: BKS-10-10103-BAM |
| Debtors. | Date: May 13, 2010<br>Time: 3:00 p.m. |

**MOTION TO VALUE REAL PROPERTY, AVOID, "STRIP OFF" AND MODIFY RIGHTS OF CITIMORTGAGE, INC. PURSUANT TO 11 U.S.C. §506(a), §1322**

COMES NOW Debtors ELIAS ARMENDARIZ and PATRICIA ARMENDARIZ GIFFORD ("Debtors"), through their attorney, Erik A. Bromson, and moves this Court for an order valuing the residential real property known as 4061 Shenandoah Street, Pahrump, NV 89060 (the "Property") at $133,000.00. The Debtors further move the Court under 11 U.S.C. §506(a) and 11 U.S.C. §1322(b)(2) and Bankruptcy Rules 3012 and 9014 to allow the Debtors to modify the rights and avoid the Second Deed of Trust of CitiMortgage, Inc. on the Debtors' Property.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

1

**WHEREFORE**, Debtors pray that this Court enter an Order granting this Motion in its entirety, determine the value of Debtors' property located at 4061 Shenandoah Street, Pahrump, NV 89060 at $133,000.00, find that there is no equity for the junior lien currently held by CitiMortgage, Inc. ("CitiMortgage") rendering it wholly unsecured and enter such relief as may be appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **Statement of Facts**

On January 10, 2010, the Debtors commenced their Chapter 13 Bankruptcy proceedings by filing a voluntary petition. The Debtors own the residence at 4061 Shenandoah Street, Pahrump, NV 89060. The value of the Property is approximately $133,000.00 based upon Zillow.com. (See Zillow.com estimate value attached hereto as Exhibit A)

At the time of filing the instant Chapter 13 proceeding, the Property was subject to a First Deed of Trust held by Deutsche Bank National Trust Company, as indenture trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Baked Notes ("Deutsche Bank") and serviced by Select Portfolio Servicing, Inc., with an approximate amount owing of $183,310.24. (See Proof of Claim attached hereto as Exhibit B) The second mortgage currently held by CitiMortgage is in the approximate amount of $46,707.33. (See Proof of Claim attached hereto as Exhibit C)

On or about the date Debtors filed the instant bankruptcy, no equity existed in the Property above the lien held by Deutsche Bank for its first mortgage. CitiMortgage's second lien was wholly unsecured on the petition date and if the Property was sold, CitiMortgage would receive nothing for said second mortgage claim.

II.     Argument

### A. The Court May Enter An Order That Values Collateral Which is Property of the Bankruptcy Estate and Which Secures a Claim of a Creditor Against the Debtor by way of a Motion after a Noticed Hearing

Courts have held that the procedure for completing alien avoidance is by valuation motion pursuant to Federal Rule of Bankruptcy Procedure 3012.  In re King, 290 B.R. 641, 649-650 (Bankr. C.D. Ill. 2003), In re Fuller, 255 B.R. 300, 306 (Bankr. W.D. Mich. 2000).

The Debtors make this motion under F.R. Bankr. Proc. 3012 which provides:

> "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

### B. A Secured claim is Secured Only to the Extent of the Value of the Collateral, and Unallowed Secured Claims are Void

11 U.S.C. 506(a) provides in pertinent part that:

> "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to a setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest of such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest of the amount so subject to setoff is less than the amount of such allowed claim."

11 U.S.C. 506(d) states that:

> "To the extent that a lien secures a claim against the debtor that is not allowed secured claim, such lien is void."

In the instant case, the Property is encumbered by the First Deed of Trust with Deutsche Bank against the Residence with a principal balance owing of approximately

3

$183,310.24. The value of claims on the subject property in which the estate has an interest is secured only to the extent of the fair market value of the property which is $133,000.00. As such, the Second Deed of CitiMortgage is a wholly unsecured claim.

### C. The Second Deed of Trust Should be Avoided Since the Residence is Valued at $133,000.00 and the Amount Owing on the First Deed of Trust is $183,310.24.

11 U.S.C. 1322(b)(2) provides in pertinent part that a chapter 13 plan may

> "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class claims."

Notwithstanding the language of § 1322(b)(2), the Court in In re Lam, 211 B.R. 36 (9th Cir. B.A.P. (1997)) held that Chapter 13 debtors are entitled to strip off totally unsecured junior mortgages on a principal residence where the they are completely unsecured when the value of the residence is less than the balance owing on the first mortgage.

Additionally, it was decided in In re Zimmer, 313 F.3d 1220 (9th Cir. 2002), that a junior encumbrance on a Chapter 13 debtor's residence may be avoided where the encumbrance is "wholly unsecured" because the property is worth less than the senior encumbrances (In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).)

In the instant case, the Second Trust Deed does not have any secured claim against the Debtors' principal residence because the encumbrance is wholly unsecured. The Debtors have provided sufficient evidence that the Residence is worth only $133,000.00.

### III. Conclusion

Based upon the foregoing, the Second Deed of CitiMortgage on the Debtors' Residence is an unsecured lien and should be treated as an unsecured claim since the value of Debtors' Property is less than the amount owed to the holder of the First Deed of Trust.

4

WHEREFORE, the Debtors pray that the Court:

1. Find the Residence is valued at $133,000.00;
2. Find that there is no equity for which the junior lien of CitiMortgage, Inc. can attach and avoid, "strip off", and extinguish CitiMortgage's wholly unsecured second mortgage lien;
3. Find that the Debtors are relieved from making any post-petition payments to CitiMortgage, Inc. or any successor in interest or assignee;
4. Find that any proof of claim filed by or on behalf of CitiMortgage, Inc. be deemed a general unsecured claim;
5. The order of this Court becomes part of the Debtors' confirmed Chapter 13 Plan;
6. Upon entry of a discharge and completion of the Debtors' Chapter 13 case, the Lien of CitiMortgage be declared null and void as to the Property described above;
7. Provide for all other just and proper relief.

Dated this 9th day of April, 2010

By: /s/ Erik A. Bromson
Erik A. Bromson
Nevada Bar No. 9986
Attorney for Debtors